■ YVONNE JOYCE, Respondent, v WILLIAM R. JOYCE, JR., Appellant.—Amended judgment, Supreme Court, New York County, entered August 30, 1977, adjudging, *inter alia,* that defendant pay child support of $100 per week and alimony of $100 per week, unanimously modified, on the law, on the facts and in the exercise of discretion, by reversing so much thereof as made adjudication with regard to (1) alimony, (2) child support, (3) the sequestered funds, and (4) the visitation rights, and by remanding those four issues for further fact finding on condition that the defendant pay $100 per week child support, and, as modified, affirmed, without costs and without

disbursements. If defendant fails to pay the $100 per week child support, judgment affirmed, without costs and without disbursements. On an earlier appeal, this proceeding was remanded for further fact finding with regard to (1) alimony, (2) child support, (3) counsel fees, (4) sequestered funds and (5) visitation rights (56 AD2d 758). In the latter part of May, 1977, this proceeding was set down for rehearing on June 7, 1977. In a letter, dated May 25, 1977, the defense counsel requested an adjournment to give his client, a resident of Rio de Janiero, an opportunity to appear at the rehearing. Defense counsel alleged that his client was required to wait 30 days in Brazil before he was issued a new visa. Counsel also maintained that the defendant needed time to accumulate $1,000 that he was required to post with the Brazilian government in order to obtain a new visa. The defendant's request for an adjournment was denied by the trial court on June 1, 1977 after he had listened to the argument of counsel in this matter. On June 7, 1977, the rehearing proceeded and was completed without the defendant being present. In the absence of any proof discrediting the defense counsel's representation as to the reason for the defendant's absence, the trial court abused its discretion in failing to give the defendant a brief adjournment so that he might appear and defend at the rehearing. A second rehearing must now be ordered in order to protect the defendant's constitutional right to give evidence in his own behalf. On the original rehearing, the trial court denied the plaintiff's request for additional counsel fees. The court's denial of that request was not incorporated into the amended judgment. Even if it had been so incorporated, the plaintiff has not appealed therefrom. Therefore, this second rehearing will be limited to the other four issues mentioned in the opening paragraph. This second rehearing is specifically conditioned upon the defendant's payment of $100 per week in child support. Should the defendant fail to make such payments pending the determination on the second rehearing, the amended judgment is affirmed. Concur—Murphy, J. P., Lupiano, Markewich, Sandler and Sullivan, JJ.